IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STERLING SAVINGS BANK, a Washington state-chartered bank,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LARRY W. RALSTON AND KATRINA RALSTON, Husband and Wife,<br><br>　　　　Defendants. | Case No. CV-09-326-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff Sterling Savings Bank's Third Motion to Amend/Correct (Docket No. 19) against Defendants Larry W. Ralston, Katrina Ralston, John McBride, Kasey McBride, and Capitol Building Company, LLC. Defendants oppose Sterling's motion, contending that the proposed amended complaint does not cure a jurisdictional defect inherent in Sterling's prior complaints. The Court grants Plaintiff's Third Motion to Amend, finding that it has jurisdiction to hear this case because all interests for which Idaho law requires notice of the foreclosure sale are ascertainable and do not destroy diversity.

## BACKGROUND

On June 30, 2009, Plaintiff filed a complaint against Defendants.

Defendants Larry Ralston and John McBride are co-owners of Capitol Building Company, LLC. Katrina Ralston and Kasey McBride are their wives. The Complaint asserts jurisdiction based on diversity of citizenship, under 28 U.S.C. § 1332. Plaintiff is incorporated and has its principal place of business in Washington. All Defendants are Idaho citizens.

In the first Complaint, Plaintiff alleged that Defendant Larry Ralston fraudulently conveyed the Ralston residence to his wife Defendant Katrina Ralston on October 18, 2008. Plaintiff also alleged that Katrina Ralston reconveyed the property to Larry Ralston, at Plaintiff's "insistence," but that Larry Ralston again conveyed the residence to Katrina Ralston on February 26, 2009. Plaintiff contends that these transfers qualify as insider transfers, as defined in Idaho Code § 55-901. Plaintiff further alleges that Defendants Larry Ralston and Capitol Building Company owed Plaintiff approximately 6.8 million dollars on multiple defaulted loans; that Larry Ralston did not receive an equivalent value in exchange for the transfer of the residence; and that Larry Ralston transferred the residence with actual intent to hinder, delay, or defraud Plaintiff, in violation of Idaho Code § 55-913(a).

Plaintiff filed first and second motions to amend the complaint, both of which Plaintiff subsequently withdrew. On February 25, 2010, the Plaintiff filed a third motion to amend the complaint, which is the subject of this order. In the

current proposed complaint, Plaintiff details each of the four allegedly defaulted loans and provides documentation as to each of these loans. For each loan, Plaintiff seeks judicial foreclosure of the trust deed and alleges a breach of warranty. As to its ninth claim, Plaintiff alleges the same fraudulent conveyance claim described in the originally filed complaint.

Regarding the first eight claims, Plaintiff seeks the following relief from this court: (1) a judgment against Defendants for the principal loan amounts, plus interest accrued; (2) a declaration that if Defendants do not pay the judgment amount immediately, that the loans' Trust Deeds constitute valid liens against Defendants' real property (i.e., the real property collateral described in the loan documents); (3) a deficiency judgment should the real property collateral prove insufficient; (4) a declaration that Defendants' rights in the real property collateral are forever foreclosed; (5) a declaration that Plaintiff is permitted to bid on Defendants' real property collateral at a foreclosure sale and that the foreclosure purchaser is entitled to immediate possession; and (6) an award of attorney's fees and costs.

Plaintiff requests, with respect to its ninth claim for fraudulent conveyance, that this court find that each transfer is void, pursuant to Idaho Code §§ 55-913 and 55-914. Plaintiff requests an injunction to enjoin the Ralstons from conveying their residence.

Defendants filed a response to Plaintiff's Third Motion to Amend. Defendants argue that granting Plaintiff's Motion to Amend would be futile because this court does not, and cannot, have diversity jurisdiction. This argument essentially boils down to whether this court's judgment will bind parties who may have an unknown or unrecorded interest in the real property collateral. Defendants argue that this court cannot determine this case without also determining the interests of the unknown parties, and that the possible existence of these unknown parties destroy diversity.

Plaintiff argues that Idaho law requires persons with an interest in property to record the interest in order to maintain it during foreclosure. Therefore, Plaintiff argues, all parties that could be affected by a judicial foreclosure are knowable. Plaintiff argues that any unrecorded, and therefore unknown, interests do not deprive this court of diversity jurisdiction. Plaintiff attached two affidavits to their reply brief, which indicate that Plaintiff has performed a title search and that recorded interests, other than those of the Plaintiff, do not exist.

## ANALYSIS

I. Legal Standards Governing this Motion

    A.    Motion to Amend

Pursuant to the Federal Rules of Civil Procedure, "a party may amend its pleading once as a matter of course" within a limited time frame after filing the

initial complaint. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, the court may deny a motion to amend if any of the following would result: "[U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

II.   Discussion

Under Idaho law, a foreclosure sale "foreclose[s] and terminate[s] all interest[s] in the property covered by the trust deed of all persons to whom notice is given under 45-1506." Idaho Code § 45-1508. The foreclosure trustee is required to provide notice to all persons with a recorded interest or a known actual interest, to all recorded successors in interest, and to those persons who have requested notice pursuant to Idaho law. *Id.* § 45-1506. Idaho law therefore provides that, with proper notice, all junior recorded interests and known actual interests in property are extinguished at the time of a foreclosure sale. *See* Idaho Code §§ 45-1505 – 45-1508; *First Federal Sav. & Loan Ass'n of Twin Falls v. East End Mut. Elec. Co., Ltd.*, 735 P.2d 1073, 1076 (Idaho 1987). Although Idaho

law does not explicitly address whether unnoticed interests are also extinguished at the time of the foreclosure sale, Idaho Code § 45-1508 does state that only *noticed* interests are terminated during the foreclosure sale. Idaho Code § 45-1508. Defendants do not point to, nor can this Court find, any case law or statutes indicating that unnoticed interests are automatically terminated during a foreclosure sale. The Court finds that Idaho law only binds unnoticed interests.

Defendants point to two cases from the Northern District of Illinois, which specifically address the issue of diversity jurisdiction in mortgage foreclosure actions. The first case stated in dicta that if general notice is provided, unknown interests would be bound by a foreclosure judgment and that these unknown interests would therefore destroy diversity jurisdiction. *Gen. Elec. Credit Corp. v. Am. Nat'l Bank & Trust Co. Chi.*, 562 F. Supp. 456, 460 (N.D. Ill. 1983). This dicta in *General Electric* is inapplicable because Idaho law does not provide for general notice in a foreclosure action. Rather, Idaho law requires that notice be given to statutorily described interests. *See* Idaho Code § 45-1508.

In the second case Defendants rely upon, the court affirmed *General Electric* and stated that so long as the Plaintiff did not attempt to bind unnoticed interests, i.e., those interests that were unknown or unrecorded, a federal court could maintain diversity jurisdiction. *Bancboston Mortgage Corp v. Pieroni*, 765 F. Supp. 429, 430–31 (N.D. Ill. 1991). For the same reasons discussed above,

*Bancboston* is inapplicable.

Defendants appear to be indirectly arguing that persons with unnoticed interests—those interests that are unknown and unrecorded—are necessary parties to the litigation under Federal Rule of Civil Procedure 19. Rule 19 requires joinder of necessary parties that do not deprive the court of subject matter jurisdiction. Fed. R. Civ. P. 19(a). A party is necessary if either the court cannot provide "complete relief among existing parties" without joinder; or disposing of the case without joining that person would "as a practical matter impair or impede that person's ability to protect the interest," or would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(A)–(B). In addition, if joinder of a party would destroy diversity, a court should decide whether to dismiss based on the factors set forth in Rule 19(b). *County Sanitation Dist. No. 2 of Los Angeles County v. Inland Container Corp.*, 803 F.2d 1074, 1076 (9th Cir. 1986).

In this case, the Court finds that unknown and unrecorded, and hence unnoticed, interests are not necessary parties to the litigation because the rights of such unnoticed interests in the foreclosure property will not be terminated by the foreclosure sale. *See* Fed. R. Civ. P. 19(a); Idaho Code § 45-1508. Neither Idaho law nor Rule 19 require joinder of unknown and unknowable parties. Furthermore,

Plaintiff does not seek to foreclose the rights of other parties in the real property collateral and instead seeks only to determine the rights of the named parties.

The Court will therefore grant Plaintiff's Third Motion to Amend. *See* Fed. R. Civ. P. 15(a)(2).

## ORDER

IT IS HEREBY ORDERED that Plaintiff Sterling Savings Bank's Third Motion to Amend (Docket No. 103) is GRANTED.



DATED:  **April 13, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge