Michael L. Loft, ISB No. 6880
Jennifer M. Simpson, ISB No. 7711
WITHERSPOON KELLEY
422 W. Riverside Ave., Suite 1100
Spokane, WA 99201
Telephone:   (509) 624-5265
Facsimile:   (509) 458-2728

Attorneys for Sterling Savings Bank

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STERLING SAVINGS BANK, a Washington state-chartered bank, <br><br> Plaintiff, <br><br> v. <br><br> LARRY W. RALSTON AND KATRINA RALSTON, husband and wife; JOHN MCBRIDE AND KASEY MCBRIDE, husband and wife; CAPITOL BUILDING COMPANY, LLC, an Idaho limited liability company, YELLOWSTONE HOMEOWNERS ASSOCIATION, INC., an Idaho corporation, YELLOWSTONE, LLC, an Idaho limited liability company, <br><br> Defendants. | NO. 1:09-CV-00326-BLW <br><br> MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNTS ONE THROUGH FOUR OF PLAINTIFF'S THIRD AMENDED COMPLAINT |

**FACTS**

The material facts not in dispute are set forth in greater detail in the Statement of Material Facts Not in Dispute filed with plaintiff's motion and this Memorandum. They may be summarized as follows:

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNTS ONE THROUGH FOUR OF PLAINTIFF'S THIRD AMENDED COMPLAINT —PAGE 1**
S0205632.DOC

1. Sterling Savings Bank ("Sterling") made several secured, land acquisition and construction loans to Capitol Building Company, LLC ("Capitol"), an Idaho limited liability whose members are Larry W. Ralston and John McBride. Mr. Ralston, and Mr. McBride and Kasey McBride, personally guaranteed performance and payment on the loans. Capitol and its principals did not pay off the loans when they came due. The loans, and the amounts owing on each of them for principal, accrued interest, late charges, legal fees, and title charges incurred by the bank in enforcing the loans, are summarized as follows:

| Loan Number | Original Note Amount | Principal Balance | Accrued Interest (thru 8/26/10) | Late Fees thru 8/26/10 | Per Diem Interest | Legal Fees | Costs (inc. title charges) |
|---|---|---|---|---|---|---|---|
| 158432882 | $3,900,000.00 | $3,401,119.00 | $216,035.26 | $10,236.76 | $364.49 | $13,876.50 | $8.590.00 |
| 158433211M | $1,222,960.00 | $ 315,611.92 | $ 19,991.04 | $  948.62 | $ 32.88 | $13,876.50 | $1,366.00 |
| 158433401M | $ 608,000.00 | $  93,469.47 | $  5,921.92 | $  281.04 | $  9.74 | $13,876.50 | (Incl. in #2593) |
| 158432593M | $ 425,000.00 | $ 255,000.00 | $ 16,142.40 | $  766.14 | $ 26.55 | $13,876.50 | $1,205.00 |

2. Among other provisions, page 1 of each of the promissory notes contains a section entitled "Default," and subsections entitled "Payment Default" and "Other Defaults," respectively. Those provisions state:

> **DEFAULT.** Each of the following shall constitute an event of default ('Event of Default') under this Note:
>
> **Payment Default.** Borrower fails to make any payment when due under this Note.
> **Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

3.  The loans involved in this lawsuit were already in default in late 2008 because of Capitol's ongoing failure to maintain a required debt-to-worth ratio[1], but for purposes of this motion it is sufficient to note that loans 3211 and 2593 were supposed to be paid in full on November 1, 2008, and were not paid in full. That circumstance alone constitutes a default on those loans, and on loans 2882 and 3401M, too, under the promissory note "Other Default" provision quoted above. Since that time, however, loans 2882 and 3401M have become due and payable in full by virtue of their own maturity dates, but the loans have not been paid in full as agreed.

4.  Page 1 of the personal guarantees signed by Larry Ralston and John and Kasey McBride each provides in part:

> **CONTINUING GUARANTY OF PAYMENT AND PERFORMANCE.** … Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents. … .
>
> **INDEBTEDNESS.** The word 'Indebtedness' as used in this Guaranty means all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, reasonable attorneys' fees, arising from any and all debts, liabilities and obligations of every nature or form, now existing or hereafter arising or acquired, that Borrower individually or collectively or interchangeably with others, owes or will owe Lender. … .

5.  At various points in time Sterling agreed to release a particular lot described in the deeds of trust so that Capitol could sell that lot as it finished building a home on that lot. The bank was to receive a partial pay-down on the corresponding loan when this occurred. In three

---

[1] And, as well, because Larry Ralston, a guarantor, transferred of all of his interest in the family residence to his wife, who was not a guarantor. Ownership of the residence had figured prominently in the personal financial statement he gave to Sterling to help Capitol get the loans at issue.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNTS ONE THROUGH FOUR OF PLAINTIFF'S THIRD AMENDED COMPLAINT —PAGE 3**
S0205632.DOC

instances, by error a lot that should not have been reconveyed, was reconveyed, with no offsetting payment to the bank for that lot. (See Declaration of Ed Lukas at paragraphs 12, 21, 25.) Upon discovery of the error, Sterling promptly recorded a correction document in the county real estate records. In each instance, no other person became involved either as a purchaser or encumbrancer of the particular lot in question,. Therefore, Sterling asks for a declaration in this suit that the lien of the appropriate deed of trust continues to cover the particular lot that was erroneously reconveyed on those particular occasions.

6. Sterling asks the court for judgments and decrees of foreclosure as a matter of law on each note and associated trust deed, and that each judgment provide that if any deficiency remains after the application to that judgment of the proceeds of the corresponding foreclosure sale, a deficiency judgment be entered against Capitol Building Company, LLC, Larry Ralston, John McBride and Kasey McBride, and against the Ralston and McBride marital communities, respectively, for that deficiency.

## DISCUSSION

A.   SUMMARY JUDGMENT STANDARDS

Summary judgment is proper if the pleadings and other evidence before the court " show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Edwards v. Wells Fargo and Company*, 606 F.3d 555 (9th Cir. 2010); FRCP 56(c).  [A]ll reasonable inferences are to be drawn in favor of the non-moving party. *Survivor Media, Inc. v. Survivor Prods.,* 406 F.3d 625, 630 (9th Cir.2005).

B.   APPLICABLE LAW

Idaho law governs the state law questions posed by this action, because the action is based on diversity of citizenship. *See Travelers Prop. Cas. Co. of Am. v. Conocophillips Co.,*

546 F.3d 1142, 1145 (9th Cir.2008). Under Idaho law, interpreting an unambiguous contract and determining whether there has been a breach of the contract is an issue of law. *Potlatch Education Assoc. v. Potlatch School Dist. No. 285*, 148 Ida. 630, 226 P.3d 1277 (2010). Likewise, whether a contract is ambiguous is a question of law. Id.

C.   STERLING IS ENTITLED TO JUDGMENTS AND DECREES OF FORECLOSURE AS A MATTER OF LAW, AND THE COURT SHOULD RETAIN JURISIDICTION TO ENTER DEFICIENCY JUDGMENTS.

The dispositive facts are not in dispute:

1. Sterling loaned to Capitol the principal amounts for which judgments are sought (Lukas Declaration, paragraphs 10, 15, 19, 23);

2. Capitol promised to repay those amounts, as well as accrued interest, reasonable attorney fees, title charges, and the other monetary obligations the bank seeks to enforce (Lukas Declaration, Exhibits A, G, I, K [p.1, "PROMISE TO PAY"; "LATE CHARGE"; p.2, "ATTORNEYS' FEES, EXPENSES"]);

3. Deed of trust liens were granted and properly recorded to help assure payment (Lukas Declaration, paragraphs 11, 16, 20, 24);

4. Larry Ralston, John McBride, and Casey McBride signed documents containing explicit promises to be responsible for payment of all indebtedness owing at any time from Capitol to Sterling (Lukas Declaration, paragraphs 27, 28; Exhibits C, D, E, F);

5. All four loans are due and payable in full, but have not been paid (Lukas Declaration, paragraphs 13, 18, 22, 26).

Sterling's claims for judgment for the unpaid balances of the notes and entry of decrees of foreclosure are properly determined by summary judgment. The operative contract provisions that are germane to the present situation are not ambiguous, and Sterling is entitled to judgment and decrees of foreclosure as a matter of law. The decrees should include a determination that Sterling's deed of trust lien remains intact as to the lots that were reconveyed in error. See, e.g., U.S. Bank N.A. v. Olivero, 109 Wn.App. 68, 33 P.3d 1104 (2001) (Where no innocent third party rights had intervened after creditor's deed of trust was inadvertently reconveyed,

Washington Court of Appeals affirmed summary judgment reinstating the deed of trust,); Cf. Millick v. O'Malley, 47 Ida. 106, 273 Pac. 947 (1928) (Idaho Supreme Court refused to accord priority to assignee of mortgage where assignee had recorded no notice of assignment, assignor had wrongfully given release of the assigned mortgage to another mortgagee who recorded the release, and bona fide purchaser had then received a deed from one of original co-owners).

Therefore, Sterling respectfully requests that the court enter an order granting summary judgment on counts One through Four of its Third Amended Complaint.

Respectfully submitted this 2nd day of September, 2010.

>                    WITHERSPOON KELLEY
>                    Attorneys for Plaintiff Sterling Savings Bank
>
>                    By:    /s/ *Michael L. Loft*
>                           Michael L. Loft
>                           ISB No. 6880

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 2, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Trudy H. Fouser
tfouser@g-g.com
*Attorneys for Defendants*

Kimbell D. Gourley
kgourley@idalaw.com,
*Attorneys for Yellowstone Homeowners Association, Inc.*

Joseph M. Meier
jmeier@cosholaw.com
*Attorneys for John and Kasey McBride*

Sandra L. Clapp
sclapp@clapp-legal.com

                        /s/ *Judy House*
                        Judy House