Michael L. Loft, ISB No. 6880
Jennifer M. Simpson, ISB No. 7711
WITHERSPOON KELLEY
422 W. Riverside Ave., Suite 1100
Spokane, WA 99201
Telephone:    (509) 624-5265
Facsimile:    (509) 458-2728

Attorneys for Sterling Savings Bank

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STERLING SAVINGS BANK, a Washington state-chartered bank,<br><br>Plaintiff,<br><br>v.<br><br>LARRY W. RALSTON AND KATRINA RALSTON, husband and wife; JOHN MCBRIDE AND KASEY MCBRIDE, husband and wife; CAPITOL BUILDING COMPANY, LLC, an Idaho limited liability company, YELLOWSTONE HOMEOWNERS ASSOCIATION, INC., an Idaho corporation, YELLOWSTONE, LLC, an Idaho limited liability company,<br><br>Defendants. | NO. 1:09-CV-00326-BLW<br><br>DECLARATION OF ED LUKAS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNTS ONE THROUGH FOUR OF PLAINTIFF'S THIRD AMENDED COMPLAINT |

Ed Lukas, under penalty of perjury under the laws of the state of Idaho, declares and states:

1.     I am employed by Sterling Savings Bank as a Special Assets Administrator in the Special Assets Department. I am familiar with the loans described in this declaration and

**DECLARATION OF ED LUKAS IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT —PAGE 1**
S0202023-2

the bank's business records relating to the loans. The statements made in this declaration are based on my personal knowledge, and I am competent to be a witness in this proceeding.

2.     Sterling Savings Bank (referred to for convenience as "Sterling") is a Washington state-chartered bank with its principal place of business in the state of Washington. Sterling is authorized to do business in the state of Idaho.

3.     Larry W. Ralston and Katrina Ralston were at all material times married and residing in Ada County, State of Idaho.

4.     John McBride and Kasey McBride were at all material times married and residing in Ada County, State of Idaho.

5.     Capitol Building Company, LLC ("Capitol"), is an Idaho limited liability company whose office and principal place of business is in Idaho. During the period described in this declaration, Larry Ralston and John McBride were the owners of and were in day to day control of Capitol.

6.     Yellowstone Homeowners Association, Inc., is an Idaho corporation whose business is conducted in Idaho. Yellowstone Homeowners Association, Inc. has been named as a party in this suit because it may claim some right or interest in the 2882 Real Property Collateral described below.

7.     Yellowstone, LLC, is an Idaho limited liability company whose business is conducted in Idaho. Yellowstone LLC has been named as a party in this suit because it may claim an interest in the 2882 Real Property Collateral described below.

8.     None of the defendants are in the military service of the United States of America.

9.     The Bank's motion for summary judgment on Counts One through Four of its Third Amended Complaint relates to certain loans Sterling made to Capitol Building Company, LLC, identified as Loan #'s 158432882, 158433211M, 158433401M, and 158432593M, respectively. The amounts due and owing to Sterling on each loan described in this declaration, together with late charges, attorneys' fees, and title report charges and recording fees, are summarized as follows:

| Loan Number | Original Note Amount | Principal Balance | Accrued Interest (thru 8/26/10) | Late Fees thru 8/26/10 | Per Diem Interest | Legal Fees | Costs (inc. title charges) |
|---|---|---|---|---|---|---|---|
| 158432882 | $3,900,000.00 | $3,401,119.00 | $216,035.26 | $10,236.76 | $364.49 | $13,876. | $8.590.00 |
| 158433211M | $1,222,960.00 | $ 315,611.92 | $ 19,991.04 | $ 948.62 | $ 32.88 | $13,876. | $1,366.00 |
| 158433401M | $ 608,000.00 | $ 93,469.47 | $ 5,921.92 | $ 281.04 | $ 9.74 | $13,876. | (Incl. in #2593) |
| 158432593M | $ 425,000.00 | $ 255,000.00 | $ 16,142.40 | $ 766.14 | $ 26.55 | $13,876. | $1,205.00 |

The process employed to calculate interest from time to time on each loan is contained in the document appended to this declaration as Exhibits M-1 through M-4. True and correct copies of invoices for title/litigation guarantee reports and recording fees are attached to this declaration as Exhibit N.

## FACTS CONCERNING COUNT ONE (Loan # 158432882)

10. On or about June 18, 2007, for valuable consideration, Capitol signed and delivered to Sterling a promissory note in the original amount of $3,900,000.00 (the "2882 Note") to evidence a land acquisition and development loan from Sterling. A true and correct copy of the 2882 Note is attached as "Exhibit A" to this Declaration. There is now due and owing on the 2882 Note the principal sum of $3,401,119.00, together with accrued and unpaid interest from January 1, 2009 to August 26, 2010, in the sum of $216,035.26. Interest has been calculated in accordance with the terms of the Note, at the variable rate of interest described in the Note. The total principal and interest due as of August 26, 2010 is $3,617,154.26. Interest continues to accrue in the sum of $364.49 per day.

11. On or about June 18, 2007, Capitol executed and delivered to Sterling a trust deed to secure the 2882 Note. The deed of trust was recorded on June 19, 2007, in the records of the Clerk of Ada County, Idaho, under Document No. 107087567 (the "2882 Trust Deed"). The 2882 Trust Deed encumbers the real property described as follows:

Lots 1 through 7 in Block 1; Lots 1 through 16 and 18 through 25 in Block 2; Lots 1 through 27 in Block 3; Lot 1 in Block 4; Lot 1 in Block 5; Lot 1 in Block 6; Lot 1 in Block 7; Lot 1 in Block 8; Lot 1 in Block 9 of Claymont Subdivision,

DECLARATION OF ED LUKAS IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT —PAGE 3
S0202023-2

1

2

according to the official plat thereof, filed in Book 97 of Plats at Page(s) 12138 through 12140, Official Records of Ada County, Idaho.

3

EXCEPTING THEREFROM:

4

5

Lots 3 and 4 in Block 1; Lots 2 and 4 in Block 2; Lot 24 in Block 3 of Claymont Subdivision, according to the official plat thereof, filed in Book 97 of Plats at Page(s) 12138 through 12140, Official Records of Ada County, Idaho.

6

7

A copy of the 2882 Trust Deed is attached as "Exhibit B" to this Declaration.

8

9

10

11

12

13

14

15

16

17

18

19

20

12. Sterling intentionally released Lots 3 and 4 in Block 1, Lots 2 and 4 in Block 2, and Lot 24 in Block 3 of Claymont Subdivision from the Trust Deed some time ago to permit Capitol to sell those lots. Sterling does not seek a decree of foreclosure as to those lots. Similarly, the Bank had agreed to release Lot 3 in Block 2 so that Capitol could sell that lot, but in error, the trustee reconveyed Lot 12 Block 3, rather than Lot 3 Block 2. On September 19, 2009 during the course of procuring title information needed for this suit, Sterling learned that Lot 12 in Block 3 had been mistakenly released, and accordingly, on or about September 21, 2009 Sterling recorded with the Ada County Clerk an instrument entitled Revocation of Reconveyance and Reinstatement of Deed of Trust with regard to Lot 12 Block 3. Sterling asks that the court issue a decree declaring its deed of trust to be a valid and subsisting first priority lien upon all of the property described in the 2882 Trust Deed including Lot 12 in Block 3, but excluding Lots 3 and 4 in Block 1, Lots 2 and 4 in Block 2, Lot 24 in Block 3, and Lot 3 in Block 2.

21

22

23

24

25

13. The 2882 Note and 2882 Trust Deed are in default for Capitol's failure to pay all outstanding principal plus all accrued interest upon the stated maturity date, that is, July 1, 2009, and for its failure to otherwise comply with the terms of the 2882 Note and the 2882 Trust Deed. The entire unpaid balance of principal, interest, and other sums outstanding under those instruments are now due and owing.

26

27

28

14. The terms of the 2882 Note and 2882 Trust Deed, and the terms of all other promissory notes and trust deeds described in this declaration, provide that the prevailing party is entitled to an award of its attorneys' fees and costs reasonably incurred.

**FACTS CONCERNING COUNT TWO (Loan # 158433211M)**
**DECLARATION OF ED LUKAS IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY**
**JUDGMENT —PAGE 4**
S0202023-2

15. On or about September 12, 2007, for valuable consideration, Capitol signed and delivered to Sterling a promissory note in the original amount of 1,222,960.00 (the "3211M Note") to evidence a construction loan from Sterling. A true and correct copy of the 3211 Note is attached as "Exhibit G" to this Declaration. There is now due and owing on the 3211M Note the principal sum of $315,611.92, together with accrued and unpaid interest from January 1, 2009 to August 26, 2010, in the sum of $19,991.04. Interest has been calculated in accordance with the terms of the Note, at the variable rate of interest described in the Note. The total principal and interest due as of August 26, 2010 is $335,602.96. Interest continues to accrue in the sum of $32.88 per day.

16. On or about September 12, 2007, Capitol signed and delivered to Sterling a trust deed to secure the 3211M Note. The Trust Deed was recorded on September 12, 2007, in the records of the Clerk of Ada County, Idaho, under Document No. 107127984 (the "3211M Trust Deed"). The 3211M Trust Deed encumbers the real property described as follows:

Lot 39 in Block 90 of Hidden Springs Subdivision 6th Addition – Area C, according to the official plat thereof, filed in Book 98 of Plats at Page(s) 12530 through 12532, Official Records of Ada County, Idaho.

Lot 40 in Block 90 of Hidden Springs Subdivision 6th Addition – Area C, according to the official plat thereof, filed in Book 98 of Plats at Page(s) 12530 through 12532, Official Records of Ada County, Idaho.

("3211M Real Property Collateral"). A copy of the 3211M Trust Deed is attached as "Exhibit H" to this Declaration.

17. Lot 38 in Block 90 of Hidden Springs Subdivision was originally a part of the collateral described in the 3211 Trust Deed. Sterling reconveyed Lot 38 to allow a Capitol to sell it, and Sterling is not seeking a decree of foreclosure as to Lot 38.

18. The original maturity date set forth in the 3211 Note was October 1, 2008. By later agreement Sterling agreed to extend the maturity date to November 1, 2008. The 3211M Note and 3211M Trust Deed are in default for Capitol's failure to pay all outstanding principal plus all accrued interest upon the extended maturity date and for its failure to otherwise comply

DECLARATION OF ED LUKAS IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT —PAGE 5
S0202023-2

with the terms of the 3211M Note and the 3211M Trust Deed. The entire amounts due pursuant to those instruments are now due and owing.

## FACTS CONCERNING COUNT THREE (Loan # 158433401M)

19.     On or about December 3, 2007, for valuable consideration, Capitol signed and delivered to Sterling a promissory note in the original amount of $608,000.00 to evidence a construction loan from Sterling (the "3401M Note"). A true and correct copy of the 3401M Note is attached as "Exhibit I" to this Declaration. There is now due and owing on the 3401M Note the principal sum of $93,469.47, together with accrued and unpaid interest from January 1, 2009 to August 26, 2010, in the sum of $5,921.92. Interest has been calculated in accordance with the terms of the Note, at the variable rate of interest described in the Note. The total principal and interest due as of August 26, 2010 is $99,391.39. Interest continues to accrue in the sum of $9.74 per day.

20.     On or about December 3, 2007, Capitol signed and delivered to Sterling a trust deed to secure the 3401M Note. The trust deed was recorded on December 3, 2007, in the records of the Clerk of Ada County, Idaho, under Document No. 107160813 (the "3401M Trust Deed"). The 3401M Trust Deed encumbers the real property described as follows:

Parcel I

Lot 5 in Block 80 of Hidden Springs Subdivision- 6th Addition, according to the official plat thereof, filed in Book 95 of Plats at Page(s) 11747 through 11752, records of Ada County, Idaho

Parcel II

Lot 43 in Block 90 of Hidden Springs Subdivision Addition No. 6- Area C, according to the official plat thereof, filed in Book 98 of Plats at Page(s) 12530 through 12532, records of Ada County, Idaho.

A copy of the 3401M Trust Deed is attached as "Exhibit J" to this Declaration.

21.     Sterling intentionally released Lot 43 in Block 90 of Hidden Springs Subdivision from the 3401 Trust Deed some time ago to permit Capitol to sell that lot, and Sterling does not seek a decree of foreclosure as to that lot. However, during the course of procuring title information needed for this suit Sterling learned that on or about March 30,

DECLARATION OF ED LUKAS IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT —PAGE 6
S0202023-2

1  2009, Transnation Title & Escrow, Inc. had caused a full reconveyance of the 3401M Trust
2  Deed to be recorded as Instrument No. 109061057, records of Ada County, Idaho. The
3  obligations secured by the 3401M Trust Deed were not then, and are not now, paid or satisfied.
4  As to Lot 5 in Block 80 of Hidden Springs Subdivision, the full reconveyance of the 3401M
5  Trust Deed was improper, because it occurred without Sterling's knowledge or consent. On or
6  about August 27, 2009, Sterling recorded a Revocation of Reconveyance and Reinstatement of
7  Deed of Trust as to Lot 5 in Block 80 of Hidden Springs Subdivision. Sterling asks that the
8  court issue a decree declaring its deed of trust to be a valid and subsisting first priority lien
9  upon the property described in the 3401 Trust Deed including Lot 5 in Block 80, but excluding
10 Lot 43 in Block 90.

11      22.     The 3401M Note and 3401M Trust Deed are in default for Capitol's failure to
12 pay all outstanding principal plus all accrued interest upon the stated maturity date, that is,
13 December 1, 2008 and for its failure to otherwise comply with the terms of the 3401M Note
14 and the 3401M Trust Deed. The entire amounts due pursuant to those instruments are now due
15 and owing.

16              **FACTS CONCERNING COUNT FOUR (Loan # 158432593M)**

17      23.     On or about March 29, 2007, for valuable consideration, Capitol signed and
18 delivered to Sterling a promissory note in the original amount of $425,000.00 to evidence a
19 construction loan from Sterling (the "2593M Note"). A true and correct copy of the 2593M
20 Note is attached as "Exhibit K" to this Declaration. There is now due and owing on the 2593M
21 Note the principal sum of $255,000.00, together with accrued and unpaid interest from January
22 1, 2009 to August 26, 2010, in the sum of $16,142.40. Interest has been calculated in
23 accordance with the terms of the Note, at the variable rate of interest described in the Note.
24 The total principal and interest due as of August 26, 2010 is $271,142.40. Interest continues to
25 accrue in the sum of $26.55 per day.

26      24.     On or about March 29, 2007, Capitol signed and delivered to Sterling a trust
27 deed to secure the 2593M Note. The trust deed was recorded on March 30, 2007, in the records

28

DECLARATION OF ED LUKAS IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT —PAGE 7
S0202023-2

of the Clerk of Ada County, Idaho, under Document No. 107045551 (the "2593M Trust Deed"). The 2593M Trust Deed encumbers real property described as follows:

Lot 2 through 6 in Block 80 of Hidden Springs Subdivision- 6th Addition, according to the official plat thereof, filed in Book 95 of Plats at Pages 11747 through 11752, records of Ada County, Idaho.

A true and correct copy of the 2593M Deed of Trust is attached as "Exhibit L" to this Declaration.

25.     Lot 6, Block 80 of Hidden Springs Subdivision has been reconveyed by Sterling to permit that property to be encumbered under a separate deed of trust, in a special program intended to allow Capitol to rent the property to a third party in hope of a real estate market recovery, and later sale. Sterling is not seeking a decree of foreclosure as to Lot 6 Block 80 in this action. Sterling asks that the court issue a decree declaring its deed of trust to be a valid and subsisting first priority lien upon the property described in the 2593 Trust Deed including but not limited to Lot 5 in Block 80, but excluding Lot 6 in Block 80.

26.     The original maturity date set forth in the 2882 Note was March 1, 2008. By later agreement Sterling agreed to extend the maturity date to November 1, 2008. The 2593M Note and 2593M Trust Deed are in default for Capitol's failure to pay all outstanding principal plus all accrued interest upon the extended maturity date and for its failure to otherwise comply with the terms of the 2593M Note and the 2593M Trust Deed. The entire amounts due pursuant to those instruments are now due and owing.

## FACTS CONCERNING PERSONAL GUARANTEES

27.     On or about June 18, 2007, and September 12, 2008, Larry Ralston signed and delivered to Sterling written instruments entitled "Commercial Guaranty," by which he guaranteed payment of all of Capitol's indebtedness outstanding at any time to Sterling (the "Ralston Guarantees"). True and correct copies of the Ralston Guarantees are attached as "Exhibits C and D" to this Declaration.

28.     On or about January 31, 2008, John McBride and Kasey McBride signed and delivered to Sterling written instruments entitled "Commercial Guaranty," by which each of them guaranteed payment of all of Capitol's indebtedness outstanding at any time to Sterling

(the "McBride Guarantees"). True and correct copies of the McBride Guarantees are attached as "Exhibits E and F" to this Declaration.

29. Sterling is the owner and holder of each promissory note described in this declaration. The amounts due and owing from Capitol under the promissory notes described in this declaration are also due and owing from Larry Ralston and John McBride and Kasey McBride under the aforementioned Guarantees.

30. Pursuant to the terms of the Guarantees, defendants Larry Ralston, John McBride and Kasey McBride, respectively, agreed to pay all costs and expenses, including reasonable attorneys' fees, incurred in connection with the enforcement of the respective Guarantees. Sterling has incurred, and will continue to incur, reasonable attorneys' fees and costs to enforce the terms of the Guarantees.

31. Sterling asks the court for the following relief:

A. Judgments and Decrees of Foreclosure: For judgments for the following sums:

a. The Principal sum of $3,401,119.00 on the 2882 Note together with accrued and unpaid interest from January 1, 2009 to August 26, 2010 at the rate of interest described in the Note, in the sum of $216,035.26, for a total of $3,617,154.26 in principal and interest to August 26, 2010, and for per diem interest in the sum of $364.49 thereafter;

b. The principal sum of $315,611.92 on the 3211M Note, together with accrued and unpaid interest from January 1, 2009 to August 26, 2010 at the rate of interest described in the Note, in the sum of $19,991.04, for a total of $335,602.96 in principal and interest to August 26, 2010, and for per diem interest in the sum of $32.88 thereafter;

c. The principal sum of $93,469.47 on the 3401M Note, together with accrued and unpaid interest from January 1, 2009 to August 26, 2010 at the rate of interest described in the Note, in the sum of $5,921.92, for a total of $99,391.39 in principal and interest to August 26, 2010, and for per diem interest in the sum of $9.74 thereafter;

DECLARATION OF ED LUKAS IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT —PAGE 9
S0202023-2

d.     The principal sum of $255,000.00 on the 2593M Note, together with accrued and unpaid interest from January 1, 2009 to August 26, 2010 at the rate of interest described in the Note, in the sum of $16,142.40, for a total of $271,142.40 in principal and interest to August 26, 2010, and for per diem interest in the sum of $26.55 thereafter;

e.     That each judgment also provide for unpaid late and collection charges, fees, and costs, and all other sums advanced under the terms of the respective Note and Trust Deed to which the particular judgment applies, for insurance, taxes, assessments, and other items which may constitute liens upon the particular collateral associated with that judgment (including the costs of a title search and foreclosure guaranty), together with interest thereon to the date of judgment as provided in the corresponding Note;

f.     That each judgment include an award of costs, disbursements, and attorneys' fees;

g.     That each judgment provide that the Trust Deed to which the particular judgment relates is a valid and subsisting lien upon the corresponding collateral, superior to any right, title, lien, estate, or interest of any defendant, and that the respective property described in that Trust Deed (excluding property purposefully released in return for partial payment, as described in paragraphs 12, 21 and 25 of this declaration) be sold at a foreclosure sale or sales in the manner provided by law and the proceeds applied to the amount of the corresponding judgment, together with all accrued interest; and that by such foreclosure and sale, the rights of all defendants, and all persons claiming by, through, or under them, are forever foreclosed; and that Sterling be permitted to become a bidder and purchaser at any foreclosure sale, and that the purchaser at any such sale be given immediate possession of the subject property. In this regard, with respect to the lots described in paragraphs 12, 21 and 25, where erroneous reconveyances occurred, no other person or party has claimed an interest as a purchaser or encumbrancer, or has claimed to have been mislead by the reconveyance errors that were made and then corrected.

DECLARATION OF ED LUKAS IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT —PAGE 10
S0202023-2

B.      Deficiency Judgments: That each judgment provide that if any deficiency remains after the application to that judgment of the proceeds of the corresponding foreclosure sale, a deficiency judgment shall be entered against the Capitol Building Company, LLC, Larry Ralston, John McBride and Kasey McBride, and against the Ralston and McBride marital communities, respectively, for that deficiency and be enforced against any other property not exempt from execution.

Signed at Boise, Idaho this __ day of September, 2010.


_____
Ed Lukas

**DECLARATION OF ED LUKAS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT —PAGE 11**
S0202023-2

1

2                              CERTIFICATE OF SERVICE

3          I HEREBY CERTIFY that on September 1, 2010, I filed the foregoing electronically
   through the CM/ECF system, which caused the following parties or counsel to be served by
4  electronic means, as more fully reflected on the Notice of Electronic Filing.

5

6          Trudy H. Fouser
           tfouser@g-g.com
7          *Attorneys for Defendants*

8
           Kimbell D. Gourley
9          kgourley@idalaw.com,
           *Attorneys for Yellowstone Homeowners*
10         *Association, Inc.*

11
           Joseph M. Meier
12         jmeier@cosholaw.com
           *Attorneys for John and Kasey McBride*
13

14         Sandra L. Clapp
           sclapp@clapp-legal.com
15

16

17
                                            /s/ *Michael L. Loft*
18                                          Michael L. Loft

19

20

21

22

23

24

25

26

27

28

   **DECLARATION OF ED LUKAS IN SUPPORT OF**
   **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY**
   **JUDGMENT —PAGE 12**
   S0202023-2